# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**JOHN ELTON QUINN,**

    **Plaintiff,**

**v.**                                                                                                                                 Case No: 5:19-cv-433-Oc-30PRL

**BRANCH BANKING AND TRUST COMPANY,**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

In his Amended Complaint, Plaintiff alleges that Defendant, Branch Banking and Trust Company ("BB&T") violated the federal Telephone Consumer Protection Act ("TCPA") and the Florida Consumer Collection Practices Act ("FCCPA") when it called him more than 700 times using an automated telephone dialing system ("ATDS) or a pre-recorded voice, all without his prior consent. *See* Amended Complaint, Doc. 18. Defendant has moved to dismiss Plaintiff's claim under the TCPA.

Among other things, the TCPA makes it unlawful to call a cellular telephone number using an automatic telephone dialing system without prior consent if the called party is charged for the call. 47 U.S.C. § 227(b)(1)(A)(iii). In order to establish a claim under the TCPA, a plaintiff must show that "(1) a call was made to a cell or wireless phone, (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

party." *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012). Defendant contends that Plaintiff's TCPA claim is insufficiently pled because he simply recites the statutory elements of the use of an ATDS or prerecorded voice without alleging additional factual support.

The TCPA defines an ATDS as equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator *and* to dial the stored numbers. 47 U.S.C. § 227(a)(1) (emphasis added). "A bare allegation" that a defendant used an automatic telephone dialing system is not enough. *See McGinity v. Tracfone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1340 (M.D. Fla. 2014) (citations and quotations omitted). Indeed, "well-pled allegations of an [automated telephone dialing system] rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an [automated telephone dialing system] was used." *Mesa v. Am. Express Educ. Assurance Co.*, No. 16-CV-24447-HUCK, 2017 WL 2212147, at *5 (S.D. Fla. May 18, 2017) (quoting *Gragg v. Orange Cab Co.*, 942 F. Supp. 2d 1111, 1114 (W.D. Wash. 2013) (alterations omitted)). In short, "[t]o sufficiently plead the ATDS element of a TCPA claim, a plaintiff may not merely recite the statutory elements of the use of an ATDS or prerecorded voice without alleging additional facts to support those facts." *Adams v. Ocwen Loan Servicing, LLC*, 366 F. Supp. 3d 1350, 1355-56 (S.D. Fla. 2018).

Here, upon consideration, the Amended Complaint includes sufficient allegations that support Plaintiff's claim that the calls were autodialed or prerecorded. Specifically, Plaintiff alleges that (1) Defendant called his cell phone hundreds of times using an ATDS or prerecorded voice; (2) on more than one occasion, when Plaintiff answered Defendant's call, he was met with a generic pre-recorded message instructing him to "please hold for the next available

representative;" (3) receiving a call without a live representative on the line is indicative of an ATDS; (4) if Plaintiff missed Defendant's call, he would receive a voicemail with a pre-recorded or automated voice and in most instances, the message he received was only a partial message—the pre-recorded message began to play before the voicemail was ready to record; (5) voicemails left by Defendant included the following pre-recorded partial message, "[music playing] . . .Thank you for holding, [Ding] . . . currently not in service. Please call our local BB&T branch. Thank you."; and (6) on information and belief the ATDS began playing the pre-recorded message once the voicemail greeting played, and did not wait for the voicemail instruction, which is indicative of an ATDS which placed calls without human intervention. (Amended Complaint at ¶¶27-44).

These allegations are sufficient to plausibly allege that the calls were made using an ATDS or that the messages were prerecorded. *See e.g., Sessions v. Barclays Bank Delaware,* 317 F.Supp.3d 1208, 1213 (N.D. Georgia 2018) (finding sufficient allegations where Plaintiff alleged Defendant called her cell phone using an ATDS, and when she answered she heard a "dead air" silence of five or more seconds before a human representative appeared on the line, which Plaintiff claimed to be indicative of an ATDS); *Neptune v. Whetstone Partners, LLC*, 34 F.Supp.3d 1247, 1250 (S.D. Fla. 2014) (finding sufficient allegations that calls were autodialed or messages were prerecorded where *inter alia* Defendant called Plaintiff on numerous occasions several times per day, with generic content messages such as a prerecorded voice reminding Plaintiff that his payment was due).

Accordingly, Defendant's motion to dismiss the TCPA claim (Doc. 20) should be **DENIED** and Defendant should be directed to answer the Amended Complaint.

Recommended in Ocala, Florida on December 20, 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy