**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**JOHN ELTON QUINN,**

    **Plaintiff,**

**v.**                                                           **Case No: 5:19-cv-433-Oc-30PRL**

**BRANCH BANKING AND TRUST
COMPANY,**

    **Defendant.**

## ORDER

This action comes before the Court for consideration of two pending discovery motions. First, Defendant Truist Bank, formerly known as Branch Banking and Trust Company, filed a motion for a protective order regarding the notice of taking deposition of a corporate representative from Defendant pursuant to Fed. R. Civ. P. 30(b)(6), and Plaintiff responded. (Docs. 25 & 28). Meanwhile, Plaintiff filed a motion to compel, and Defendant responded. (Docs. 27 & 29). For the reasons explained below, both motions are due to be granted in part and denied in part.

### I. BACKGROUND

Plaintiff brings claims pursuant to the federal Telephone Consumer Protection Act ("TCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). Plaintiff alleges that Defendant robocalled him more than 700 times regarding a debt using an automated telephone dialing system ("ATDS) or a pre-recorded voice, all without his prior consent. *See* Amended Complaint, Doc. 18. On January 13, 2020, the Court denied Defendant's motion to dismiss and directed Defendant to file an answer. (Doc. 32).

Defendant's position is that Plaintiff signed a document acknowledging responsibility for the debt in issue, and that Plaintiff requested that Defendant contact him because he was the Personal Representative of his parents' estate and a contact person regarding the debt. The parties dispute the relevant facts, including whether Plaintiff revoked his consent to be contacted.

On October 16, 2019, Plaintiff served upon Defendant a notice of taking the deposition of a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6). The notice specified 44 areas of inquiry. (Doc. 25-1). Defendant has moved for a protective order based on both general and specific objections. (Doc. 25). Defendant specifically seeks a protective order as to approximately half of the enumerated areas of inquiry on the basis that they are improper. (Doc. 25).

Meanwhile, also on October 16, 2019, Plaintiff served Defendant with Interrogatories and a First Request for Production but has received no documents or privilege log as to certain requests. Plaintiff, therefore, seeks to compel them. (Doc. 27). Because there is considerable overlap between the issues relevant to Defendant's motion for protective order and Plaintiff's motion to compel, the Court will address them together.

## II. LEGAL STANDARDS

Generally, parties are entitled to discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering various factors. Fed. R. Civ. P. 26(b)(1). Under Rule 26, however, the Court has broad discretion to limit the time, place, and manner of discovery as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The Court's exercise of discretion to appropriately fashion the scope and effect of discovery will be sustained unless it abuses that discretion to the prejudice of a party. *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1505 (11th Cir.1985); *see also Moore v. Armour Pharm. Co.*, 927 F.2d

1194, 1197 (11th Cir.1991) ("The trial court ... has wide discretion in setting the limits of discovery, and its decisions will not be reversed unless a clearly erroneous principle of law is applied, or no evidence rationally supports the decision.").

### III. DISCUSSION

As an initial matter, Plaintiff's motion to compel appears to be moot as to Request for Production No. 6 because Defendant represents it provided the documents on December 10, 2019 (the day after the motion to compel was filed) and as to Request for Production No. 34 as Defendant represents it provided a privilege log on December 11, 2019. (Doc. 29). The Court will discuss each of the remaining specific discovery disputes in turn.

1. Plaintiff's Interrogatory No. 1.

Plaintiff inquired "How many calls did the Defendant make to (352) 282-2103 in the last four years?" (Doc. 27, p. 4). Defendant initially objected and provided no specific information. In its response to the motion to compel (Doc. 29, p. 3), Defendant states that it called Plaintiff 326 times within the statute of limitations period, which ended about September 5, 2013. Defendant further states that its response to Plaintiff's discovery "has been provided in this Response." (Doc. 29, p. 5). That response is inadequate for two reasons. First, Defendant's belated production of the information lacked the signature and verification required by Rule 33(b). Second, Defendant limited its response to the statute of limitations period, where the interrogatory requested "in the last four years." For the limited purposes of discovery, the Court finds that the four-year period is not overly broad or unduly burdensome. As explained further below, the Defendant's conduct prior to the statute of limitations period may be relevant to Plaintiff's claims in this case and is therefore discoverable.

2. Plaintiff's Request for Production No. 3/Request for Production 37 & 38

Plaintiff requested "Please identify the telephone dialing system used to call the Plaintiff," as well as identifying documents regarding the make, model, and software version of the telephone system at issue, and any user manuals or instructional materials for the system used to place calls to Plaintiff. (Doc. 27, p. 5-6).

In addition to general objections, Defendant objects on the basis that "the facts will show that Plaintiff specifically authorized and requested BB&T to call him on his cell phone number" and therefore the case involves a fact dispute, not a lack of or deficiency in corporate policies or procedures. Defendant contends that Plaintiff's allegations are not supported by the facts of the case, and that this is not a case where Defendant made a "callous mistake to ignore Plaintiff's requests to stop calling." (Doc. 29). To the contrary, however, Plaintiff's claims appear to be precisely that – Plaintiff contends that Defendant did callously and repeatedly ignore his requests not to be contacted. What the facts show about Plaintiff's allegations and claims is precisely what discovery is designed to accomplish.

Further, as Plaintiff contends, this information is relevant to the threshold question under the TCPA of whether the telephone system used was an auto-dialer. And, as Plaintiff adds, the parties have already entered into a Stipulated protective Order (Doc. 24) which eliminates any good faith basis for objecting on the basis that the information is confidential or proprietary. Plaintiff's motion to compel is due to be granted as to Interrogatory 3/Requests for Production 37 & 38.

3. Requests for Production Nos. 1 & 2

Plaintiff requested documents used to comply with 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA and Fla. Stat. § 559.72(7) of the FCCPA concerning calls made to Plaintiff during the relevant period. Plaintiff contends that these documents are precisely the type that are necessary

for proving or disproving that Defendant knew it was acting in knowing violation of the TCPA. (Doc. 27, p. 7). Indeed, information about a defendant's procedures regarding the TCPA is relevant to determine if conduct was willful or knowing in violation of the TCPA. *See Halsten v. Target Corp.*, No. 212CV552FTM99DNF, 2013 WL 12157855, at *2 (M.D. Fla. Feb. 20, 2013). Notably, Plaintiff has not requested all procedures or policies in these specific requests, but has tailored the request to be those used regarding calls to Plaintiff. Plaintiff's motion to compel will be granted as to these requests.

4. Requests for Production Nos. 39, 40, 41, & 42

To summarize these production requests, Plaintiff seeks prior complaints made by consumers in the past four years concerning alleged violations of state and federal law relating to the collection of consumer debts by telephone calls, prior complaints received from government entities on the same topic, and prior lawsuits filed against Defendant during the relevant time-period for violations of the FCCPA and the TCPA. (Doc. 27, p. 10).

Defendant has again objected on the basis that this case involves a fact dispute, and contends this information is therefore not relevant (although it offers no support for this particular proposition). Plaintiff maintains that the information is relevant to demonstrate that Defendant had actual knowledge of the wrongfulness of its conduct and the consequences. Under the TCPA, such information is relevant to establishing damages. If the violation was willful or knowing, the TCPA allows the court, in its discretion, to "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B)." 47 U.S.C.A. § 227(b)(3). Further, courts have granted motions to compel regarding similar information on the same basis. *See McCaskill v. Navient Solutions*, Case No. 8:15-cv-1559-T-22TBM, Doc. 64 at 7 (M.D. Fla. Dec. 31, 2015) (allowing discovery regarding prior complaints against defendant regarding alleged

violations of the TCPA and FCCPA). As Plaintiff argues, the existence of prior complaints regarding the same or similar conduct go to the issue of whether Defendant's conduct was willful.

Defendant argues, however, that a threshold question of what constitutes an automatic telephone dialing system under the TCPA and FCCPA has recently changed, citing *DeNova v. Ocwen Loan Servicing*, No. 8:17-CV-2204-T-23AAS, 2019 WL 4635552, at *4 (M.D. Fla. Sept. 24, 2019)(holding that, to constitute an ATDS, the system must possess the capacity to generate random or sequential numbers). Defendant thus argues that any information regarding lawsuits prior to this change in definition is not relevant. First, Defendant's broad conclusion is not directly supported by a reading of *DeNova v. Ocwen Loan Servicing*. Further, while the requests seek information regarding prior lawsuits, the question of whether such information would ever be admissible remains to be determined at an appropriate further stage of litigation and depends on any number of factors that are yet unknown, including the degree of similarity to the facts of this case, the relevant time periods, and other factors what would only be revealed in discovery. The Court concludes that Plaintiff is entitled to this information in discovery. Plaintiff's motion to compel will be granted as to these requests.

5. Areas of Inquiry for Corporate Representative Deposition

    a. Policy and Procedures

Plaintiff has identified numerous areas of inquiry for the deposition of the corporate representative. Defendant has moved for a protective order as to most of the areas identified, including Nos. 14-19 which pertain to Defendant's policy and procedures. Consistent with the analysis above, the Court finds that No. 14 (Defendant's policy and procedures used to collect money from the Plaintiff) and No. 18 (Defendant's policy and procedures for leaving prerecorded messages on 'Plaintiff's cellular phone number') are appropriate areas of inquiry and relevant to

the claims in this case. On the other hand, Nos. 15-17 and No. 19 seek generalized procedures and documents that are not limited to the system(s) used to contact Plaintiff. *See Halsten v. Target Corp.*, No. 212CV552FTM99DNF, 2013 WL 12157855, at *4 (M.D. Fla. Feb. 20, 2013). Accordingly, Defendant's motion for protective order will be granted only as to Nos. 15-17 and 19.

>    b. <u>Prior Complaints and Lawsuits</u>

Plaintiff has also identified numerous areas of inquiry regarding prior complaints and lawsuits. Consistent with the above analysis, the Nos. 22-31 and 34 are appropriate and will be permitted to the extent they seek non-privileged information. (Doc. 25-1). To summarize, these enumerated areas of inquiry seek information regarding prior lawsuits against Defendant under 47 U.S.C. Sec. 227 and Fla. Stat. Sec. 559.72, internal memorandum regarding those lawsuits, prior consumer complaints within the past 4 years alleging violation of state and federal laws regarding calls to consumers, documents sent out in response to such complaints, internal memorandum regarding such complaints, complaints from government and state agencies, responses to such complaints, and internal documents concerning those complaints.

On the other hand, Nos. 35-38 seek information regarding settlements for TCPA and FCCPA claims, as well as the total number of calls made from 2014-2018 and number of individuals employed to make calls. These areas of inquiry are not relevant to the claims or defenses in this action and proportional to the needs of the case, and will not be permitted.

      c. <u>Document Storage</u>

Finally, Nos. 39, 40, 41, 43, & 44 all pertain to Defendant's document retention policies regarding prior lawsuits and complaints. As such, the Court finds these areas of inquiry proper and relevant to claims and defenses in the case.

      6. <u>Attorney Fees</u>

Finally, Plaintiff requests attorney fees associated with the motion to compel. (Doc. 27). It is undisputed that some requested documents were only produced immediately after Plaintiff's motion to compel was filed, or even contained within the response to the motion to compel. Further, while Defendant may have had good faith legal arguments that were ultimately presented in its response to the motion to compel as to some of the withheld documents, there appears to be no substantial justification for withholding the documents that were belatedly produced without court intervention. Accordingly, pursuant to Fed. R. Civ. P. 37, Plaintiff could be entitled to reasonable expenses incurred in making the motion, including attorney's fees, proportional to the extent to which Plaintiff's motion to compel was granted. The same is true as to expenses sought by Defendant, to the extent that its motion for protective order has been granted here. However, given the overall circumstances, including the parties competing arguments and motions, and each side's partial success in this discovery dispute, additional competing motions for expenses under Rule 37 would be inefficient and result in an even greater cost and burden to the parties. For this reason, the Court finds the award of expenses unjust under these circumstances. Fed. R. Civ. P. 37(a)(5)(A).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to compel responses to discovery (Doc. 27) is **GRANTED** to the extent stated above, but is otherwise **DENIED**. On or before February 1, 2020, Defendant shall provide to Plaintiff complete responses to the interrogatories and discovery requests identified above, including verifications where required. Defendant's motion for a protective order (Doc. 25) is **GRANTED** to the extent stated above, but is otherwise **DENIED**. Defendant shall make its corporate representative available pursuant to Fed. Civ. P. 30(b)(6) and the parties shall complete the deposition within 30 days of the entry of this Order.

**DONE** and **ORDERED** in Ocala, Florida on January 17, 2020.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties